

**NUMBER 13-16-00255-CV**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

### IN THE INTEREST OF N.F., A CHILD

**On appeal from the County Court at Law
of Aransas County, Texas.**

# ORDER OF ABATEMENT

**Before Chief Justice Valdez and Justices Rodriguez and Garza
Order Per Curiam**

This is an accelerated parental termination case. *See* TEX. R. APP. P. 28.4. On April 13, 2015, the trial court terminated the parental rights of appellant M.F. to N.F., a child. On May 4, 2016, M.F. filed his pro se notice of appeal, claiming that he "was never served or notified of the matter" and that he was "never appointed an attorney to represent [him] on the termination of [his] parental rights."

The appointment of an attorney for indigent parents contesting the termination of their parental rights is mandatory. TEX. FAM. CODE ANN. § 107.013 (West, Westlaw

current through 2015 R.S.). Appeals in parental termination cases are accelerated appeals with extremely short deadlines. *See* TEX. R. APP. P. 28.4; TEX. R. JUD. ADMIN. 6.2(a), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. F app. (West, Westlaw current with amendments received through Dec. 1, 2015).

Due to the nature of a termination hearing and the right of an indigent parent to have appointed counsel, we now ABATE this appeal and REMAND the cause to the trial court with instructions to hold a hearing to determine: (1) whether M.F. should be appointed counsel; and (2) any other issues to ensure an expeditious resolution.

Because an appeal of this type must be disposed of within 180 days from the day appellant files the notice of appeal, *see* TEX. R. JUD. ADMIN. 6.2(a), the trial court shall conduct the hearing and make its findings and recommendations, together with any orders it may enter regarding these matters, within TEN days from the date of this order. If the trial court determines that counsel should be appointed, the name, address, telephone number, email address, and state bar number of the newly appointed counsel shall be included in the order appointing counsel. Furthermore, the trial court shall cause a supplemental reporter's record of any proceedings to be prepared. The supplemental clerk's record and supplemental reporter's record, if any, shall be filed with the Clerk of this Court on or before the expiration of FOURTEEN days from the date of this order.

Finally, we note that the notice of appeal was untimely and defective in that it contained no certificate of service and no statement that it was an accelerated appeal. *See* TEX. R. APP. P. 9.5, 21.5, 25.1(d)(6). Counsel, should one be appointed, is hereby given notice of these defects so that steps may be taken to correct the defects, if it can be done.

It is so ORDERED.

PER CURIAM

Delivered and filed the
10th day of May, 2016.